UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NEHEMIAH ROLLE

                              Plaintiff,

-against-                                             **MEMORANDUM AND ORDER**
                                                                     14-CV-5247 (JS)(AYS)

FREEPORT VILLAGE MAYOR
ANDREW HARDWICK as of September
8, 2011,

                              Defendant.
-----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

       Plaintiff pro se Nehemiah Rolle ("Plaintiff" or "Rolle"), commenced this action against Freeport Village Mayor Andrew Hardwick ("Hardwick") alleging deprivations of his First, Fourth Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth and Fourteenth Amendment rights in violation of 42 U.S.C. §§1983 and 1985. Presently before this Court is Rolle's request for entry of a judgment of default, which has been referred for Report and Recommendation to this Court by order of the District Court.

BACKGROUND

I.    The Complaint

       In the caption of this civil rights action Rolle names as Defendant "Freeport Village Mayor Andrew Hardwick as of September 8th 2011." The factual allegations of the Complaint refer to Defendant as "Defendant Mayor Hardwick personally, individually, and as Freeport Village Mayor starting on September 08, 2011 and going forward." DE 1 at ¶2. As to the factual basis for the Complaint, Plaintiff's claims appear

to arise out of a September 8, 2011 incident. On that date, Freeport police officers are alleged to have entered Plaintiff's property and to have stolen his 2006 Nissan Altima sedan. DE [1] ¶ 3. Hardwick, as the "chief operating officer of the Incorporated Village of Freeport," id., is alleged to have acted under color of state law when he reneged on a promise made to return Rolle's car. DE [1] ¶¶ 3-4.

Plaintiff's complaint seeks damages suffered as a result of the loss of his car, in the amount of $13,200 plus interest from September 8, 2011, $55,000 in compensatory damages and punitive damages in the amount of $1.5 million. Id.

I. Proceedings Regarding Service and the Present Motion

Plaintiff's complaint was filed on September 8, 2014. Docket Entry ("DE") 1. Rolle filed proof of service on September 11, 2014. DE [6]. The proof of service states the following:

> "I served the summons on Pamela Walsh Boening, Freeport Village Clerk, who is designated by law to accept service of process on behalf of (name of organization) _____ 46 North Ocean Avenue, Freeport, NY 11520 on 9/11/2014;"

DE [6].

On the same day that Plaintiff delivered the complaint to the Village Clerk, the Deputy Village Attorney for the Village of Freeport sent Plaintiff a letter rejecting the Summons and Complaint, stating that he could not accept service because "Hardwick is no longer an employee of the Village and as such, the Village cannot accept service on his behalf." DE [16]. A day later, the Deputy Village Attorney who wrote the letter to Plaintiff, sent a letter to the District Judge, attaching the letter to Hardwick and advising the Court that he had returned the papers to Plaintiff. DE [16]. Thereafter, on December 16, 2014, Rolle filed a request for a certificate of default stating that the Village Deputy

Attorney had "unlawfully and unjustly rejected" service of the Complaint. Plaintiff's affidavit submitted in support of the request states that since Hardwick was employed by the Village as of the time of the acts complained of, the Village Attorney or others employed by the Village on the date of service were obligated to accept service of the Complaint herein. Thereafter, on December 30, 2014, the Clerk of the Court noted Hardwick's default, pursuant to Federal Rules of Civil Procedure 55(a). DE [10]. This referred motion followed.

III.     Disposition

The Court's review of the docket herein reveals that the Village of Freeport, while aware of this matter, has not agreed to accept service on behalf of its former employee. In view of the fact that an issue as to the propriety of service has been raised with the Court, see DE [16], and there is undoubtedly a preference for this case to be heard on the merits, this Court recommends that a judgment of default be held in abeyance pending a conference as to the issue of service.

A conference is also preferable to an immediate ruling on the request for a judgment of default because it will allow this Court to inquire as to the nature of this lawsuit, and whether Plaintiff intends to name Hardwick in his then-official capacity as the Mayor of the Village of Freeport. Any "official capacity" claim is essentially a claim against the village, and properly proceeds against that entity. See Curley v. Village of Suffern, 268 F.3d 65, 72 (2d Cir. 2001); Greenaway v. County of Nassau, 2015 WL 1509486 *11 (E.D.N.Y. 2015). Ultimately, "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." Patterson v. Westchester County, 2014 WL 1407709 n. 18, quoting, Brandon v. Holt, 469 U.S. 464,

471–72 (1985). A claim asserted against a defendant in his individual capacity seeks relief directly from an individual. In such a case "the plaintiff must allege (and ultimately prove) that the defendant was acting "under color of state law," that is, that he was exercising in some way the power of his office." Thomas v. Connolly, 2012 WL 3776698 *31 n. 39 (S.D.N.Y. 2012). It appears that Plaintiff intends to sue Hardwick for acts taken in his role as Mayor. If that is the case, the Court will inquire, at the conference, as to whether the Village would represent Hardwick, and whether there is any agreement to indemnify him for acts taken while Mayor. This line of inquiry may lead to acceptance of service of process or an agreement to make Plaintiff aware, to the extent known, of Defendant Hardwick's last known address. In any event, a conference should put the parties closer to a decision on the merits.

For the foregoing reasons, this Court hereby orders Plaintiff Nehemiah Rolle and an attorney for the Village of Freeport appear for a conference on **November 16, 2015** at **2:00 pm** in Courtroom 830. To ensure that the Plaintiff and the Freeport Village attorney both receive notice of this hearing date, this Court will mail a copy of this order, via certified mail, return receipt requested, to both the Plaintiff and to the Freeport Village Attorney at the address indicated on the correspondence to the District Court, as set forth in Docket Entry No. 16.

Dated: Central Islip, New York
October 29, 2015

                                            /s/ Anne Y. Shields
                                            ANNE Y. SHIELDS
                                      United States Magistrate Judge