Plaintiff's motion for a default judgment [14] is denied for the reasons stated in this R&R, which the Court adopts. The Court notes that no objections have been filed.
SO ORDERED: 5/25/16

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
NEHEMIAH ROLLE
                    Plaintiff,

-against-

FREEPORT VILLAGE MAYOR
ANDREW HARDWICK as of September
8, 2011,


                    Defendant.
---------------------------------------------------------X

_____
            U.S.D.J.




**REPORT &
RECOMMENDATION**
14-CV-5247 (JS)(AYS)

**ANNE Y. SHIELDS, United States Magistrate Judge:**

Plaintiff, Nehemiah Rolle ("Plaintiff" or "Rolle"), commenced this action against

Freeport Village Mayor Andrew Hardwick ("Defendant" or "Hardwick") alleging

violations of Section 504 of the Rehabilitation Act and the Americans with Disabilities

Act, as well as deprivations of his First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth,

Tenth, Thirteenth and Fourteenth Amendment rights in violation of 42 U.S.C. §§ 1983

and 1985.  Presently before this Court, upon referral by the Honorable Joanna Seybert,

for Report and Recommendation, see Docket Entry "DE" [15], is Rolle's motion for the

entry of a default judgment against Hardwick, due to Hardwick's alleged failure to

answer or otherwise appear in this matter.  See DE [14].  For the reasons set forth below,

this Court respectfully recommends that the motion be DENIED.

BACKGROUND

I.      The Complaint

This lawsuit arises out of a September 8, 2011 incident, in which Plaintiff claims

that Freeport police officers entered his property and allegedly stole his 2006 Nissan Altima sedan.  DE [1] ¶ 3. In the caption of this action, Rolle names as Defendant "Freeport Village Mayor Andrew Hardwick as of September 8, 2011."  Id.  The substance of the Complaint refers to Defendant as "Defendant Mayor Hardwick personally, individually, and as Freeport Village Mayor starting on September 08, 2011 and going forward."  Id. ¶ 2.  Plaintiff alleges that as the "chief operating officer of the Incorporated Village of Freeport," id. ¶ 3, Hardwick acted under the color of state law when he reneged on a promise to return Plaintiff's car.  Id. ¶¶ 3-4.

Rolle seeks damages suffered as a result of the loss of his car, in the amount of $13,200 plus interest from September 8, 2011, $55,000 in compensatory damages and punitive damages in the amount of $1.5 million.  Id. ¶ 5.

II.     Procedural History

Plaintiff's Complaint was filed on September 8, 2014.  DE [1].  Rolle filed proof of service on September 11, 2014.  DE [6].  The proof of service states the following:

> "I served the summons on Pamela Walsh Boening, Freeport Village Clerk, who is designated by law to accept service of process on behalf of (name of organization) _____ 46 North Ocean Avenue, Freeport, NY 11520 on 9/11/2014;"

DE [6] at 2.

On the same day that Plaintiff delivered the Complaint to the Village Clerk, the Deputy Village Attorney for the Village of Freeport sent Plaintiff a letter rejecting the Summons and Complaint, stating that he could not accept service because "Hardwick is no longer an employee of the Village and as such, the Village cannot accept service on his behalf."  DE [16].   On September 12, 2014, a day later, the same Deputy Village

Attorney sent a letter to the Hon. Joanna Seybert, attaching the letter to Hardwick and advising the Court that he had returned the papers to Plaintiff. DE [16]. Thereafter, on December 16, 2014, Rolle filed a request for a certificate of default stating that the Village Deputy Attorney had "unlawfully and unjustly rejected" service of the Complaint. DE [9]. Plaintiff's affidavit submitted in support of the request states that since Hardwick was employed by the Village as of the time of the acts complained of, the Village Attorney or others employed by the Village on the date of service were obligated to accept service of the Complaint herein. See id. Thereafter, on December 30, 2014, the Clerk of the Court noted Hardwick's default, pursuant to FED. R. CIV. P. 55(a). DE [10]. On May 18, 2015, Plaintiff filed the instant motion, DE [14], which was referred to this Court for Report and Recommendation. DE [15].

On October 29, 2015, noting a preference for this case to be determined on the merits, this Court recommended that a judgment of default be held in abeyance pending a conference as to the issue of service. DE [17]. On November 16, 2015, such a conference was held before this Court. At the conference, Defense counsel for Hardwick appeared and stated on the record that he would accept service on behalf of his client. See DE [19]. Plaintiff objected to this Court's jurisdiction and sought to proceed with the default motion. See id. In light of the Defendant's appearance at the conference, and the Plaintiff's desire to nonetheless proceed with the motion for entry of default, this Court set a briefing schedule. See id. The matter is now fully briefed.

Defendant opposes Plaintiff's motion for a default judgment and seeks leave to

file a late Answer pursuant to FED. R. CIV. P. 6(b) and 55(c).[1]  See DE [21] ¶ 2.

Defendant argues that service upon the Clerk of the Village of Freeport does not

constitute personal service on Defendant, since Hardwick was no longer the mayor of

Freeport at the time of the alleged service.  See id. ¶ 3.  Defendant further argues that

Hardwick's failure to answer the Complaint was not willful and he has a meritorious

defense to the allegations contained in the Complaint. See id. ¶¶ 8-22.

DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party

against whom a judgment ... is sought has failed to plead or otherwise defend, and that

failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED.

R. CIV. P. 55(a).  Rule 55(c) provides that "[t]he court may set aside an entry of default

for good cause, and it may set aside a default judgment under Rule 60(b)."  FED. R. CIV.

P. 55(c).  Defendant argues that in the interest of justice, the clerk's notation of default

should be set aside.  This Court agrees.

"The dispositions of motions for entries of defaults and default judgments and

relief from the same under Rule 55(c) are left to the sound discretion of a district court

because it is in the best position to assess the individual circumstances of a given case

and to evaluate the credibility and good faith of the parties."  Enron Oil Corp. v.

Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).  However, because an entry of default is

---

[1] In the alternative Defendant seeks dismissal of Plaintiff's Complaint pursuant to FED. R.
CIV. P. 4(m).  See DE [21] ¶ 2.  As noted by the Second Circuit, special solicitude is
usually granted to pro se litigants because of their lack of experience with the legal
system.  See Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994).  This extra consideration
for pro se litigants, coupled with this Court's strong preference that cases be heard on the
merits, along with this Court's recommendation that Plaintiff's motion for default
judgment be denied, renders this application inappropriate at this juncture.

generally disfavored and is considered an "extreme sanction" that "must remain a weapon of last, rather than first resort," Meehan v. Snow, 652 F.2d 272, 277 (2d Cir. 1981), any doubt "as to whether a default should be granted or vacated" must be "resolved in favor of the defaulting party." Enron Oil Corp., 10 F.3d at 96; see also Brady v. Western Overseas Corp., 2008 WL 4936875, at *4(E.D.N.Y. Nov. 14, 2008)("[a]ny doubts as to whether a default should be vacated must be resolved in favor of trial on the merits").

The Second Circuit has established three criteria that district courts must assess in deciding whether "good cause" exists to relieve a party from a default: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. Enron Oil Corp., 10 F.3d at 96. The Second Circuit has interpreted "willfulness" in the context of a default to refer to conduct that is "more than merely negligent or careless." S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 2008).

Here, the record is clear that Defendant was never personally served with the Summons and Complaint. Plaintiff does not contest that fact that Defendant has not served as Mayor of the Village of Freeport since 2013. Thus, Defendant was no longer employed by the Village at the time Plaintiff commenced this action on September 8, 2014, and service on the Village Clerk simply cannot amount to personal service upon Defendant. See Colvin v. State Univ. Coll. at Farmingdale, 2014 WL 2863224, at *14 (E.D.N.Y. June 19, 2014)("A defendant's 'actual place of business' is his or her 'business address at the time of service, and not when the cause of action arose.'" )(quoting Jackson v. Cnty. Of Nassau, 339 F. Supp. 2d 473, 478 (E.D.N.Y. 2008). The record is devoid of any indication that Plaintiff attempted to serve Defendant individually. The

circumstances here are far from the type of willful conduct contemplated by courts in this Circuit.  See Weisel v. Pischel, 197 F.R.D. 231, 238 (E.D.N.Y. 2000)(court must consider the willfulness of the default in exercising its discretion to set it aside).

On the issue of prejudice, the Second Circuit has held that "[d]elay alone is not a sufficient basis for establishing prejudice." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983) (citations omitted). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Id. (citation omitted).  Here, Plaintiff has not articulated any specific prejudice, and the Court cannot contemplate any prejudice Plaintiff may incur by vacating the notation of default and allowing Defendant to file a late Answer.

Finally, on the question of a meritorious defense, the defendant "need not conclusively establish the validity of the defense(s) asserted." Davis, 713 F.2d at 916, but need only present evidence of facts that, "if proven at trial, would constitute a complete defense." Enron Oil Corp., 10 F.3d at 98 (citations omitted). "Though a defendant need not conclusively establish the validity of the defense asserted, [he] must, nonetheless, articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations." DeCurtis v. Upward Bound Int'l, Inc., 2012 WL 4561127, at *8 (S.D.N.Y. Sept. 27, 2012), aff'd, 528 F. App'x 85 (2d Cir. 2013) (citation omitted).

Here, Defendant contends that Plaintiff has failed to allege the personal involvement of Defendant in the alleged deprivation of Plaintiff's constitutional rights as required by Section 1983.  See Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006); see

6

DE [21] ¶¶ 12-14. Defendant further proffers that Plaintiff has failed to allege a conspiracy between Defendant and anyone else, let alone on a discriminatory basis, both essential elements of a claim pursuant to 42 U.S.C. § 1985. See Griffin v. Breckenridge, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 1798-99, 29 L. Ed. 2d 338 (1971) (noting elements of a 42. U.S.C. § 1985 claim are (1) a conspiracy; (2) to deprive plaintiff of equal protection or privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom). Defendant asserts that Plaintiff's failure to allege a conspiracy is apparent by the fact that the Complaint names Hardwick as the sole defendant. DE [21] ¶ 20. Finally, Defendant argues that Plaintiff fails to allege that he is a "handicapped person" as the term is defined by statue, which is fatal to Plaintiff's claims alleged pursuant to Section 504 of the Rehabilitation Act and the Americans with Disabilities Act. Id. ¶¶ 21-22. Having reviewed the Complaint it appears that Defendant has articulated specific defenses to Plaintiff's allegations which raise a serious question as to the validity of those allegations. Accordingly, Defendant has articulated meritorious defenses to Plaintiff's allegations.

In light of the foregoing, this Court recommends that the Defendant has shown good cause to set aside the notation of default.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that the notation of default against Defendant be set aside, Defendant be allowed to file a late answer and Plaintiff's motion for a default judgment be denied.

**OBJECTIONS**

A copy of this Report and Recommendation is being provided to Defense counsel via ECF. Furthermore, the Court directs Defense counsel to (1) to serve a copy of this Report and Recommendation by first class mail to Plaintiff at his last known addresses, and (2) to file proof of service on ECF within two days. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); FED. R. CIV. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court of Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").


Dated: Central Islip, New York
       May 4, 2016

                                          /s/ Anne Y. Shields
                                          ANNE Y. SHIELDS
                                          United States Magistrate Judge


8